Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000136
22-MAY-2018
10:45 AM

NOS. CAAP-16-0000136, CAAP-16-0000516
AND CAAP-17-0000033

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-16-0000136
MAUI GAS VENTURES LLC, Plaintiff-Appellee,
v.
DAIRY ROAD PARTNERS, a Hawaii limited partnership,
and GLEN NAKAMURA, Defendants-Appellants,
and
DEPARTMENT OF TAXATION, STATE OF HAWAI'I,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
DOE GOVERNMENTAL UNITS 1-10,
Defendants

AND

### CAAP-16-0000516
MAUI GAS VENTURES LLC, Plaintiff-Appellee,
v.
DAIRY ROAD PARTNERS, a Hawaii limited partnership,
and GLEN NAKAMURA, Defendants-Appellants,
and
DEPARTMENT OF TAXATION, STATE OF HAWAI'I,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY ENTITIES 1-10;
DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10,
Defendants

AND

<u>**CAAP-17-0000033**</u>
MAUI GAS VENTURES LLC, Plaintiff-Appellee,
v.
DAIRY ROAD PARTNERS, a Hawaii limited partnership,
and GLEN NAKAMURA, Defendants-Appellants,
and
DEPARTMENT OF TAXATION, STATE OF HAWAI'I,
Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE LIMITED LIABILITY ENTITIES 1-10;
DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0283(3))


MEMORANDUM OPINION
(By: Ginoza, C.J., Reifurth and Chan, JJ.)

This is a consolidated appeal arising from a judicial foreclosure action in which Defendants-Appellants Dairy Road Partners (**Dairy Road**)[1] and Glenn Nakamura (**Nakamura**)[2] (collectively, **Appellants**) appeal from a judgment on a foreclosure decree, a judgment confirming sale of the subject property, and a judgment for cancellation of the sale of the property, entered by the Circuit Court of the Second Circuit (**circuit court**).[3] Each judgment was entered in favor of Plaintiff-Appellee Maui Gas Ventures LLC (**Maui Gas Ventures**) and against Dairy Road and Nakamura.

For the reasons discussed below, we affirm.

---

[1] Dairy Road is a Hawai'i limited partnership and the leasehold owner and operator of the commercial property that is the subject of this litigation.

[2] Nakamura is the general partner of Dairy Road.

[3] The Honorable Joseph E. Cardoza presided.

**I.    CAAP-16-0000136 and CAAP-16-0000516:**
      **Appellants' Motion for Leave to File Counterclaim**

In the opening brief for CAAP-16-0000136 and CAAP-16-0000516, Appellants' point of error asserts that the circuit court erred in granting summary judgment for Maui Gas Ventures and confirming the sale of the property, without first granting them leave to file their proposed Counterclaim against Maui Gas Ventures under the facts of this case.  Appellants contend that "a decision on their Counterclaim [was] a precondition to the entry of any foreclosure decree, . . . thus rendering the attempted Rule 54(b) certifications of finality by the lower court [ ] invalid as a matter of law."

American Savings Bank, F.S.B. (**American Savings**) initiated this action in the circuit court by filing a Complaint for foreclosure on March 4, 2013.[4]  The Complaint is based on a Term Loan Agreement and Note from American Savings for a property on Maui (**subject property**).

From July 5, 2013 to December 24, 2014, the case was stayed due to Dairy Road filing for bankruptcy.

After the bankruptcy case was dismissed, Maui Gas Ventures filed a "Notice and Substitution of [Maui Gas Ventures] as Real Party in Interest for [American Savings]" (**Notice of Substitution**) on January 12, 2015, to substitute Maui Gas Ventures for American Savings as the real party in interest. Maui Gas Ventures asserted that it was now the owner of the note and the real party in interest by way of the Term Loan Agreement, Promissory Note (**Note**), and other loan documents dated December 26, 2014.

---

[4] Appellants do not challenge the standing of either American Savings or Maui Gas Ventures in this case.  Here, American Savings was the original plaintiff and attached the Note to its Complaint for foreclosure.  The Note provides that American Savings is the lender and Dairy Road is the borrower. Further, based on the evidence submitted in support of Maui Gas Ventures's motion for summary judgment, there is no genuine issue of material fact that American Savings was the original lender, that American Savings initiated this action, and that during the course of the action, American Savings sold the Note to Maui Gas Ventures, which was the owner of the Note at the time summary judgment was granted to it.

On May 14, 2015, Maui Gas Ventures filed its motion for summary judgment which the circuit court orally granted in a hearing on August 12, 2015. On September 29, 2015, the circuit court entered an order granting summary judgment for Maui Gas Ventures (**Summary Judgment Order**) and a related foreclosure judgment.[5]

On October 13, 2015, Appellants filed a motion for correction and for reconsideration alleging, *inter alia*, that the September 29, 2015 Judgment was void because Maui Gas Ventures had not been properly admitted as a party to the case. On October 22, 2015, Maui Gas Ventures filed a motion to substitute into the case for American Savings as plaintiff (**Motion for Substitution**).

On December 9, 2015, a hearing was held on Appellants' motion for correction and reconsideration, as well as Maui Gas Ventures's Motion for Substitution. During the hearing on these motions, Appellants' counsel argued that the circuit court should not allow the foreclosure in favor of Maui Gas Ventures in part because that same day, December 9, 2015, Appellants had filed a motion seeking leave to file a Counterclaim that was "acquired after pleading." In brief, Appellants' counsel argued that Maui Gas Ventures and its principal Paul Cheng (**Cheng**) had purported to work out an agreement with Dairy Road to allow Maui Gas Ventures to buy out the Note; that Maui Gas Ventures in turn provided Dairy Road with a series of options (apparently including options for Dairy Road to buy back the Note); that in reliance Dairy Road gave Maui Gas Ventures "all kinds of confidential proprietary information"; that Dairy Road and Maui Gas Ventures had "agreements all drafted"; and then once Maui Gas Ventures purchased the Note from American Savings "they didn't want to talk" to Dairy Road anymore. Appellants counsel thus argued that Appellants had claims against Cheng and Maui Gas

---

[5] The Summary Judgment Order was amended on February 3, 2016, by way of the Amended Summary Judgment Order to designate a new Commissioner in place of the original Commissioner.

Ventures. Appellants counsel noted that Appellants were not asserting a claim against American Savings.

The circuit court thereafter granted Maui Gas Ventures's Motion for Substitution, noting that it was consistent with, *inter alia*, the record in the case, the Notice of Substitution earlier filed by Maui Gas Ventures, the conduct of the parties, and that there had never been an objection to the role of Maui Gas Ventures in the case notwithstanding ample opportunity to object. The circuit court also denied Appellants' motion for correction and for reconsideration, and did not rule on the request to file a Counterclaim, given that it had just been filed that day.

In Appellants' "Motion for Leave to File Counterclaim Acquired After Pleading" (**Motion to File Counterclaim**), filed on December 9, 2015, they sought to file a Counterclaim against Maui Gas Ventures and a Third-Party Complaint against Cheng, pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 13(e)[6] and Rule 15(a).[7] Appellants argued that the Counterclaim had not matured when they initially filed their Answer to the Complaint in 2013.

On March 30, 2016, the circuit court held a hearing on Appellants' motion for leave to file the Counterclaim and expressed that given the status of the case, including that there was already an appeal pending, and the manner in which the proposed Counterclaim had been styled and pled, that "the

---

[6] HRCP Rule 13(e) provides:

> (e) *Counterclaim maturing or acquired after pleading.* A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

[7] Appellants alleged they had an enforceable agreement with Maui Gas Ventures and Cheng wherein Maui Gas Ventures and Cheng would negotiate and acquire the subject property from American Savings. Appellants further alleged that Maui Gas Ventures and Cheng agreed to purchase the American Savings' Term Loan Agreement and Note (1) which would enable Appellants an opportunity to refinance the loan or (2) sell the subject property. Further, Appellants alleged that Maui Gas Ventures and Cheng agreed that Appellants would be able to purchase the loan from Maui Gas Ventures and Cheng with a premium paid to Maui Gas Ventures and Cheng.

5

appropriate course would be to have this matter filed as a separate action." The circuit court thus denied Dairy Road and Nakamura's motion for leave to file the Counterclaim. On April 15, 2016, the circuit court entered its "Order Denying [Appellants'] [Motion to File Counterclaim]."

HRCP Rule 13(e) addresses the filing of a counterclaim which matured or was acquired by the pleader after the party had served a pleading. As set forth expressly in the rule, such a counterclaim "may, with the permission of the court, be presented as a counterclaim by supplemental pleading." We thus review a trial court's denial of an HRCP Rule 13(e) motion under the abuse of discretion standard. Cf. Marks v. Marks, 51 Haw. 548, 563-64, 465 P.2d 996, 1004 (1970) (In reviewing a trial court, "some discretion is vested in the trial court's hands, for both [HRCP] Rule 13(f) and 15(a) require leave of court."); Bank of Hawaii v. Mostoufi, No. CAAP-14-0001073, 2016 WL 3615334, at *2 (Haw. App. Jun. 30, 2016) (SDO) (determining that a trial court's denial of an HRCP Rule 13(f) motion is reviewed for abuse of discretion).

Appellants argue that they filed their Motion to File Counterclaim on December 9, 2015, "three months *before* summary judgment on March 14, 2016 was eventually granted by the lower court." (Emphasis in original). However, the record shows that the circuit court granted summary judgment for Maui Gas Ventures orally on August 12, 2015, and entered its Summary Judgment Order to that effect on September 29, 2015, both of which occurred prior to Appellants seeking leave to file the Counterclaim. Appellants' argument appears to be referencing that Maui Gas Ventures subsequently filed its Motion for Substitution, which was granted on February 3, 2016. However, as the circuit court noted, the parties had been treating Maui Gas Ventures as the relevant party since its Notice of Substitution.

More importantly, as even the Appellants recognized during the proceedings below, Appellants did not seek to bring any claim against American Savings. The Complaint for foreclosure was based on the Appellants' failure to meet their

6

obligations under the loan with American Savings, which is what prompted the foreclosure action and the basis on which summary judgment was granted and the foreclosure decree entered. We agree with the circuit court that, to the extent the Appellants believe there was misconduct by Maui Gas Ventures or Cheng after the foreclosure action was filed, those claims should be brought in a separate action.

Appellants do not cite any persuasive authority to support their contention that the Complaint for foreclosure and their proposed Counterclaim are interrelated to the point that joint adjudication is mandated. Rather, given the proceedings that had occurred prior to the Appellants seeking leave to file the Counterclaim -- including the circuit court's grant of summary judgment for Maui Gas Ventures -- and the allegations set forth in the proposed Counterclaim, the circuit court was within its discretion to deny the filing of the Counterclaim in this action. Although dealing with HRCP Rule 13(f) and not Rule 13(e), we believe Marks provides guidance in this case. There, the Hawai'i Supreme Court referenced three cases that affirmed denials of leave to amend "where the judgment had been announced or entered before the motion to amend was made." 51 Haw. at 564, 465 P.2d at 1004. The supreme court noted that "[i]t would seem sound to take a more critical view of such motions after decisions are announced." Id.

Based on the record in this case, we conclude that the circuit court did not abuse its discretion in denying Appellants' motion for leave to file the Counterclaim.

**II. CAAP-17-0000033**

For this appeal, Appellants filed their notice of appeal from a Judgment cancelling the confirmation of sale, which was entered on December 23, 2016. However, in their opening brief in this appeal (they did not file a reply brief), Appellants do not assert any particular error related to the Judgment cancelling the confirmation of sale. Rather, Appellants only assert error related to the circuit court's denial of their

7

motion seeking leave to file the Counterclaim, which is unrelated to the Judgment cancelling the confirmation of sale, and in any event is addressed in CAAP-16-0000136 and CAAP-16-0000516 above. We thus conclude that Appellants' appeal in CAAP-17-0000033 lacks merit.[8]

## III. Conclusion

For the reasons discussed above, the following judgments, entered by the Circuit Court of the Second Circuit, are affirmed:

(1) "Judgment Re: Findings of Fact, Conclusions of Law, Order Granting Plaintiff Maui Gas Ventures LLC's Motion for Summary Judgment As to All Claims and All Parties, for Interlocutory Decree of Foreclosure and Order of Sale, for Disposal of Personal Property and for Immediate Entry of Money Judgment Filed May 14, 2015" filed on September 29, 2015;

(2) "Judgment Re: Amended Order Granting Plaintiff Maui Gas Ventures LLC's Motion for Summary Judgment As to All Claims and All Parties, for Interlocutory Decree of Foreclosure and Order of Sale, for Disposal of Personal Property Filed September 29, 2015" filed on March 14, 2016;

(3) "Judgment Re: Order Granting Plaintiff Maui Gas Ventures LLC's Motion for Confirmation of Sale, for Distribution of Proceeds, for Issuance of Writ of Ejectment/Possession and for Deficiency Judgment as to Defendant Dairy Road Partners Filed March 29, 2016" filed on June 21, 2016; and

---

[8] To the extent that Appellants assert in their points of error in CAAP-17-0000033 that the circuit court erred in granting summary judgment and confirming the sale without properly marketing the property, and without holding a new auction, those points are waived. Points not argued are deemed waived. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7); In re Guardianship of Carlsmith, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007) (noting that an appellate court may "disregard a particular contention if the appellant makes no discernible argument in support of that position") (internal quotation marks, brackets omitted, and citation omitted).

(4) "Judgment Re: Order Granting Maui Gas Ventures LLC's Motion for Cancellation of Sale, for Forfeiture of Deposit, for Confirmation of Sale, for Distribution of Proceeds and for Issuance of Writ of Ejectment/Possession Filed September 28, 2016" filed on December 23, 2016.

DATED:  Honolulu, Hawai'i, May 22, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

Paul Alston,
J. Blaine Rogers,
John S. Rhee,
    and
Wayne K. T. Mau,
Jonathan E. Spiker,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge